UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT HILL, individually and in his capacity as a member of MH Builders, LLC,** | }<br>}<br>}<br>} |
| Plaintiff, | } CASE NO. CV 2:08-cv-1828-SLB<br>}<br>} |
| vs. | }<br>} |
| **MICHAEL KYLE MURPHY, individually and in his capacity as a member of MH Builders, LLC; KATHERINE MURPHY; MURPHY HOME BUILDERS, LLC,** | }<br>}<br>}<br>}<br>}<br>} |
| Defendants. | } |

## MEMORANDUM OPINION

This is a suit involving two home building companies, "MH Builders, LLC" and a company formed by defendants, "Murphy Home Builders, LLC." Plaintiff filed a nine count Complaint (doc. 1-2)[1] in the Circuit Court of Jefferson County, whereafter defendants timely removed the case to this court. (Doc. 1.) Complete diversity, by all accounts, is lacking but defendants contend they are entitled to remove because plaintiff's Complaint presents a substantial federal question. (Doc. 1.)

Removal is only proper if a complaint could have been originally brought in federal court. 28 U.S.C. § 1441(a). Section 1441(b) founds federal jurisdiction on a claim "arising

---

[1] "Doc. __" refers to the document number the Clerk of the Court assigns to a filing when it is made.

under" federal law. Whether a claim arises under federal law is governed by the well-pleaded complaint rule, and that rule restricts federal jurisdiction to when a federal question is presented on the face of plaintiff's properly pleaded complaint. *See Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1289-1290 (11th Cir. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In order for a state law claim to raise a substantial question of federal law, federal law must be an essential element of plaintiff's claim. *Dunlap*, 381 F.3d at 1290. That is, the federal right or immunity that forms the basis of plaintiff's claim must be such that plaintiff's claim will be supported if the federal law is given one construction and defeated if it is given another. *Id*.

Here, plaintiff's Complaint (doc. 1-2) pleads nine counts. They are:

I. Judicial Dissolution and an Accounting;
II. Derivative Action for Usurpation of Business Opportunities;
III. Derivative Action for Breach of Duty of Loyalty;
IV. Derivative Action for Breach of Duty of Care;
V. Derivative and Individual Action for Breach of Contract;
VI. Derivative and Individual Action for Unjust Enrichment;
VII. Derivative Action for Fraudulent Suppression and Fraudulent Misrepresentation;
VIII. Derivative and Individual Action for Conversion; and,
IX. Common Law Misappropriation of Tradename, Misappropriation of Corporation Assets and Trademark Infringement.

There is no dispute that Counts I through VIII are state-law claims. The only count defendants claim raises any question of federal law is Count IX, common law misappropriation of tradename and common law trademark infringement. However, because the well-pleaded complaint rule "makes the plaintiff the master of the claim" who

may "avoid federal jurisdiction by exclusive reliance on state law," Count IX does not present a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted). While both Alabama common law and statutory law use a similar infringement test to the one that governs under the federal Lanham Act, that similarity does not mean the Lanham Act federalized state common law trademark claims.[2] As J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 22:2 (4th ed. 2008), observes: "In general, federal and state trademark and unfair competition law can coexist and cooperate without conflict. The federal Lanham Act does not occupy the field of trademark and unfair competition law in such a way that it would preempt parallel state law." Federal law has no more of a monopoly on "likelihood of confusion" than it does on negligence or any other widely used legal standard, and plaintiff's *state* common-law trademark claim will not be supported if *federal* law is given one construction, nor will it be defeated if *federal* law is given another construction. *See Dunlap*, 381 F.3d at 1290.

Defendants' removal notice acknowledges that plaintiff has not invoked federal trademark protection. (Doc. 1, ¶7.) Moreover, a federal Lanham Act claim requires federal registration of a mark, and plaintiff has not registered its mark. Defendants nonetheless

---

[2] *See Alabama Lock and Key Co., Inc. v. Birmingham Lock and Key, Inc.*, 557 So. 2d 1240, 1241 (Ala. 1990) (discussing findings of actual confusion regarding state trademark litigation); *Food Centers, Inc. v. Davis*, 244 So. 2d 576, 579 (Ala. 1971) (citing "likelihood of deception" in reference to state-registered trademark). *See also Arthur Young, Inc. v. Arthur Young & Co.*, 579 F. Supp. 384, 389 (N.D. Ala. 1983) (the "test of infringement of marks registered with the Alabama Secretary of State and of common law marks and trade names is the same as under the Lanham Act, namely, whether the alleged infringer's mark creates a likelihood of confusion.") (citation omitted).

assert that "such cryptic pleadings cannot be used to avoid the existence of issues that turn on a substantive federal question." (*Id.*)  There is nothing "cryptic" about pleading a common law cause of action in state court, nor does the adjudication of Count IX "turn on" federal law.[3]  Defendants argue that "[a]ny resolution of the Plaintiff's trademark claims will require a Lanham Act analysis of the various elements of the 'likelihood of confusion' test as explicated interpreted, and set forth in federal case law." (Doc. 9 at 2.)  Not so.  Any reliance on federal Lanham Act analysis would purely be by way of its persuasive value, not because the Lanham Act supplies any controlling authority or an essential element of the claim at issue.  In the words of the Fifth Circuit, "[a]s multiple courts have clarified, removal of a trademark infringement action is improper when a plaintiff does not clearly state he is seeking relief under the Lanham Act." *In re Hot-Hed Inc.*, 477 F.3d 320, 324

---

[3] Alabama law recognizes both statutory and common law trademark protection.  *See* Ala. Code §§ 8-12-1 *et seq.*  Chapter 12 of Title 8 of the Alabama Code sets out the state's regulatory regime in this area.  ALA. CODE §§ 8-12-1-19.  Section 19 declares that "[n]othing in this article shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at any time at common law." ALA. CODE § 8-12-19.  These rights are independent of federal law.  The Comment to § 8-12-19 is instructive:

> The Alabama courts have recognized that a trademark, becoming of pecuniary value or business advantage, is a property right and entitled to the protection of the courts. The ownership of this property right is determined in accordance with the common law outside the provisions of this article. Since trademark rights are acquired at common law, the trademark owner is free to decide if he shall secure the benefits of registration afforded by this article. Accordingly, the provision for registration of trademarks is permissive and not mandatory. This section expressly provides that a legitimate trademark owner, whose rights are established at common law, may be paramount to the rights of another person for the same or a confusingly similar mark, whether the latter is registered or unregistered.

ALA. CODE. §8-12-19, Cmt.

(5th Cir. 2007) (footnote and internal quotation marks omitted).  Here, plaintiff is seeking relief under state law, and therefore the case is due to be remanded to the state court in which the suit was brought.

### Attorney's Fees

Section 1447(c) of Title 28 of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has construed this provision to mean that the "the standard for awarding fees should turn on the reasonableness of the removal."  *Martin v. Franklin Capital Corp.*,  546 U.S. 132, 141 (2005).  Here, plaintiff's Complaint falls squarely within the well-pleaded complaint rule.  Defendants had 30 days in which to make their own inquiry about their right to remove.  Subject matter jurisdiction on the basis of federal question jurisdiction is clearly lacking.  Thus, the court finds that defendants' removal was unreasonable; accordingly, plaintiff's motion for fees and expenses incurred as a result of the removal will be granted.

**DONE**, this the 29th day of September, 2009.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE